IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID MARSHALL, JR.,

                  ORDER

      Plaintiff,

                  10-cv-357-bbc

  v.

"NURSE BARB" or JANE DOE,
PAUL WESTERHAUS, BRUCE SUNDE,
TERRY TIMM, RICHARD GIERS,
JAMES ALLEN, MICHAEL FLEMING,
JOHN WAIS and SHARON SHULTZ,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   The court has received this proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983, from plaintiff David Marshall, an inmate at the Columbia Correctional Institution in Portage, Wisconsin. The complaint states that plaintiff is appearing through his "next friend," Christopher Goodvine, another inmate at the Columbia Correctional Institution, and alleges that several staff members at the Lincoln Hills School for Juveniles in Irma, Wisconsin violated plaintiff's constitutional rights by using excessive force, failing to provide proper medical care and subjecting plaintiff to harsh conditions of confinement. Both plaintiff and Goodvine signed the complaint, and Goodvine states that he based the

1

complaint on information communicated to him by plaintiff.  Attached to the complaint is a motion for a competency determination and for appointment of a guardian ad litem, dkt. #2, also prepared by Goodvine.  In the motion, Goodvine explains that he prepared the complaint in this case because plaintiff is incompetent.  In an affidavit supporting the motion, Goodvine avers that plaintiff is incapable of understanding the law or procedures involved in this lawsuit because plaintiff suffers from psychosis, is often confined under "observation" status, cannot read or write and has been diagnosed as "borderline retarded" and "seriously mentally ill."

   Goodvine's affidavit raises troubling issues that must be resolved before this case can move forward.  Goodvine admits that he drafted the complaint and that although he has spent "hours and hours" trying to explain the case and legal proceedings to plaintiff, plaintiff is unable to comprehend anything.  Goodvine's averments suggest that although plaintiff signed the complaint, he may be unaware that he has agreed to commence a lawsuit against defendants and may be incapable of proceeding with the suit.  Goodvine is not in the position to file a suit on plaintiff's behalf unless he does so at plaintiff's direction and with plaintiff's full understanding and consent.

   On the other hand, it may be that plaintiff wishes to proceed with this suit but is actually incompetent and incapable of proceeding on his own because of his disabilities and mental illness.  However, neither plaintiff or Goodvine has shown that plaintiff is actually

2

incompetent. They have submitted no evidence showing that plaintiff has been declared incompetent by the state, they have not submitted the opinion of an expert that a guardian is necessary and they have adduced no evidence other than Goodvine's say so that plaintiff requires a guardian.

Before proceeding further in this case, plaintiff must submit an affidavit to the court in which he assures the court that this lawsuit is based on his own experiences and that he wishes to proceed with this case. Plaintiff may also submit evidence, such as medical documentation, showing that he is incompetent to proceed in this lawsuit.

ORDER

IT IS ORDERED that plaintiff David Marshall may have until August 20, 2010, in which to submit an affidavit to the court stating whether he wishes to proceed with this lawsuit and assuring the court that the allegations in the complaint concern situations and events in which plaintiff was involved. If plaintiff does not submit such an affidavit by August 20, the court will dismiss this case.

Entered this 6th day of August, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

3