IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID MARSHALL, JR.,

                                                OPINION and ORDER

                  Plaintiff,

                                              10-cv-357-bbc

        v.

"NURSE BARB" or JANE DOE,
PAUL WESTERHAUS, BRUCE SUNDE,
TERRY TIMM, RICHARD GIERS,
JAMES ALLEN, MICHAEL FLEMING,
JOHN WAIS and SHARON SHULTZ,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this proposed civil action for monetary relief brought pursuant to 42 U.S.C. §
1983, plaintiff David Marshall, Jr. contends that several staff members at the Lincoln Hills
School for Juveniles in Irma, Wisconsin violated his constitutional rights by using excessive
force, failing to provide proper medical care and subjecting plaintiff to harsh conditions of
confinement.  Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915.
In a previous order I determined that plaintiff has no means to make an initial partial
payment.

      Plaintiff is an inmate at the Columbia Correctional Institution in Portage, Wisconsin,

and his complaint was prepared by another inmate at the institution, Christopher Goodvine. Both plaintiff and Goodvine signed the complaint, and Goodvine states that he based the complaint on information given him by plaintiff. Attached to the complaint is a motion for a competency determination and for appointment of a guardian ad litem, dkt. #2, also prepared by Goodvine. In an affidavit supporting the motion, Goodvine avers that plaintiff is incapable of understanding the law or procedures involved in this lawsuit because plaintiff suffers from psychosis, is often confined under "observation" status, cannot read or write and has been diagnosed as "borderline retarded" and "seriously mentally ill."

In an order dated August 6, 2010, dkt. #8, I asked plaintiff to submit an affidavit to the court, assuring the court that this lawsuit is based on his own experiences and that he wishes to proceed with this case. I also told plaintiff he could submit evidence showing that he is incompetent to proceed in this lawsuit. Plaintiff has responded, dkt. #9, declaring that the allegations in the complaint concern situations and events in which he was involved and that he wishes to proceed with the lawsuit. Plaintiff also states that he is unable to hire an expert to provide a professional opinion as to his competence. Because plaintiff has assured the court that he wishes to proceed, I will screen his complaint. However, I will deny plaintiff's motion for appointment of a guardian ad litem and competency determination at this time. Neither Goodvine or plaintiff has made a showing that plaintiff is actually incompetent. Although Goodvine avers that plaintiff has been diagnosed as "borderline

2

retarded," neither plaintiff or Goodvine has submitted evidence of such diagnosis.  Further, it is too early in the case for the court to determine whether plaintiff is competent.  It appears that plaintiff is at least competent enough to submit a clear and concise response to a court order.  Plaintiff is free to renew his motion at a later stage in the case with evidence supporting his assertion that he is incompetent and incapable of litigating this case.

Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915A.  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  After reviewing the complaint, I conclude that plaintiff has not stated a claim against defendants Westerhaus, Sunde and Timm for violating his rights under the Eighth Amendment by allowing staff to use excessive force on him.  Thus, this claim will be dismissed.  The remainder of plaintiff's complaint violates Fed. R. Civ. P. 20.  Accordingly, I will reserve ruling on the merits of his remaining claims until he remedies the Rule 20 violations.

In his complaint, plaintiff alleges the following facts.

3

## ALLEGATIONS OF FACT

### A.  The Parties

Plaintiff David Marshall, Jr. is a prisoner at the Columbia Correctional Institution in Portage, Wisconsin.  At all times relevant to this complaint, plaintiff was confined at the Lincoln Hills School for Juveniles in Irma, Wisconsin.  Defendant Paul Westerhaus was the superintendent of the Lincoln Hills School, defendant Bruce Sunde was the security director, defendant Terry Timm was the unit manager of the Krueger cottage at Lincoln Hills, defendant Nurse Barb was a nurse and defendants Richard Giers, James Allen, Michael Fleming, John Wais and Sharon Shultz were youth counselors.

### B.  January 12, 2008 Incident

While at Lincoln Hills School, plaintiff was housed in Krueger Cottage in room #130. On January 12, 2008, at approximately 5:40 p.m., plaintiff was lying on the floor in his room near the door.  Defendants Shultz and Allen approached plaintiff's cell and attempted to talk to him, but plaintiff did not respond.  Shultz and Allen notified their supervisor, defendant Giers, who arrived with defendants Fleming and Wais.  Defendants saw that plaintiff was breathing and attempted to engage him, but he did not respond.  Defendants Shultz, Allen, Giers, Fleming and Wais entered plaintiff's cell.  Fleming entered first, holding a plexiglass protective shield.

4

When plaintiff realized that defendants were entering his cell, he stood up to show them that he was well. At that moment, Fleming opened the cell door and slammed plaintiff to the floor. Plaintiff landed on his back and was completely immobilized. Defendants proceeded to punch and kick plaintiff and hit him with their knees. Plaintiff was rolled onto his stomach and Fleming grabbed plaintiff's hair and began slamming his face against the concrete floor several times, causing his nose and mouth to bleed. The other defendants continued to punch and kick plaintiff. Three of plaintiff's teeth were broken and fell out, his head was bleeding and he lost consciousness.

After the assault, defendant "Nurse Barb" was called to the unit to treat plaintiff. She saw that plaintiff's face and nose were bleeding, his teeth were broken and he had gashes on his lips and head. Plaintiff told Nurse Barb that he was experiencing excruciating pain. Nurse Barb did not provide any medical treatment to plaintiff. Defendant Giers locked plaintiff in his cell and refused to allow plaintiff to be seen by other medical staff.

As supervisors at the Lincoln Hills School, defendants Westerhaus, Sunde and Timm were aware that staff in the Krueger Cottage manufactured exigent circumstances in order to enter cells and abuse juveniles and then covered up injuries and abuse by refusing inmates' requests for medical treatment.

5

C. <u>Conditions in Segregation</u>

At Lincoln Hills School, plaintiff was confined for long periods in the maximum security segregation unit where he was given only a "threadbare" mattress with no sheets or pillows. In segregation, plaintiff did not have access to shoes or any hygiene products, including tissue, toothpaste, a toothbrush, a washcloth, a dry towel or hot water. He was forbidden from possessing writing materials, photos and mail and was allowed outside of his cell for only one hour of "recreation" each day. The "recreation" consisted of plaintiff's being cuffed, shackled and required to sit at a picnic table without moving or speaking to anyone. Plaintiff filed grievances about the conditions in segregation to defendants Westerhaus, Sunde and Timm, but his grievances were either destroyed or ignored.


DISCUSSION

Plaintiff is asserting several claims against defendants: (1) defendants Westerhaus, Sunde and Timm violated plaintiff's rights under the Eighth Amendment by allowing staff at Lincoln Hills School to use excessive force on inmates; (2) defendants Giers, Allen, Fleming, Wais and Shultz violated plaintiff's rights under the Eighth Amendment by using excessive force against him; (3) defendants Giers and Nurse Barb violated plaintiff's rights under the Eighth Amendment by exhibiting deliberate indifference to plaintiff's serious medical needs; and (4) defendants Westerhaus, Sunde and Timm violated plaintiff's rights

6

under the Eighth Amendment by maintaining conditions in segregation that deprived plaintiff of basic necessities and fell below contemporary standards of decency.

As an initial matter, I am dismissing plaintiff's first claim against defendants Westerhaus, Sunde and Timm because plaintiff has failed to state a claim under 42 U.S.C. § 1983 regarding these defendants' involvement in any use of excessive force against him. Plaintiff alleges only that Westerhause, Sunde and Timm were aware that staff abused juveniles and that staff denied medical treatment to hide the abuse.  However, actions under § 1983 cannot be brought against individuals for their supervisory role over others.  To state a viable claim, a plaintiff must allege personal involvement by the individual in the constitutional violation.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) (holding that a supervisor's mere "knowledge and acquiescence" of their subordinates' unconstitutional acts not sufficient to hold supervisor liable for constitutional violation); see also T.E. v. Grindle, 599 F.3d 583, 590 (7th Cir. 2010).  Plaintiff fails to allege any facts suggesting that defendants Westerhaus, Sunde and Timm were personally involved in the alleged use of excessive force against him.  Therefore, his first claim against these defendants will be dismissed.

Plaintiff has three claims remaining.  However, these claims violate Fed. R. Civ. P. 20, which bars plaintiffs from including separate claims against separate defendants in a single suit.  Plaintiff may join separate claims in a single lawsuit only if they are asserted against

the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20; <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007). Applying Rule 20 to this case, plaintiff's claims must be separated into two separate lawsuits, described below.

1.    In Lawsuit #1, plaintiff contends that defendants Giers, Allen, Fleming, Wais and Shultz violated his rights under the Eighth Amendment by using excessive force against him when they entered his cell and proceeded to beat him. Following the assault, defendants Giers and Nurse Barb violated plaintiff's rights under the Eighth Amendment by failing to provide him medical treatment for his injuries.

2.    In Lawsuit #2, plaintiff contends that defendants Westerhaus, Sunde and Timm violated plaintiff's rights under the Eighth Amendment by allowing plaintiff to be placed in segregation without an adequate mattress, blankets, a pillow, hygiene products or recreation.

These separate lawsuits involve claims that do not arise out of the same series of transactions or occurrences and do not include the same defendants or subset of defendants as the other claim. Thus, the claims cannot proceed in a single lawsuit. Plaintiff will have to decide which claims to pursue. He may do so by submitting a response that identifies which numbered lawsuit (#1 or #2) he wishes to pursue. If he chooses to pursue both lawsuits, he should explain which one he wants to pursue under this case number. The remaining lawsuit will be assigned a separate case number. Because plaintiff has no means to pay an initial partial filing fee, he would not be required to pay an initial partial fee for

8

the second lawsuit.  However, if plaintiff does pursue a second lawsuit, he would be obligated to pay the $350 filing fee at some point.  If plaintiff chooses to dismiss the other lawsuit voluntarily, he will not be obligated to pay the $350 for the other lawsuit.  In addition, a lawsuit dismissed voluntarily would be dismissed without prejudice, allowing plaintiff to bring it at another time.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not undertaken a full screening of the merits of the claims raised in the lawsuits identified above.  Once plaintiff identifies the suit or suits he wants to continue to litigate, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2).  In addition, plaintiff should know that he could earn a strike for any lawsuit he pursues if any claims in that suit are dismissed for one of the reasons set out in 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that

1.  Plaintiff David Marshall, Jr.'s motion for competency determination and appointment of a guardian ad litem, dkt. #2, is DENIED without prejudice.

2.  Plaintiff is DENIED leave to proceed on his claim that defendants Westerhaus, Sunde and Timm violated his rights under the Eighth Amendment by allowing staff at

Lincoln Hills School to use excessive force on inmates.

3.  Plaintiff may have until September 7, 2010 in which to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case.

4.  Plaintiff may have until September 7, 2010, in which to advise the court whether he will prosecute the remaining lawsuit or whether he wishes to withdraw it voluntarily.  If, by September 7, 2010, plaintiff fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists for plaintiff's failure to prosecute.

5.  A strike will be recorded against plaintiff pursuant to 28 U.S.C. § 1915(g) because one or more of his claims has been dismissed for failure to state a claim upon which relief may be granted.

Entered this 27th day of August, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

10