IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID MARSHALL, JR.,

                                                            OPINION and ORDER

           Plaintiff,

                                                              10-cv-357-bbc

    v.

"NURSE BARB" or JANE DOE,
RICHARD GIERS, JAMES ALLEN,
MICHAEL FLEMING, JOHN WAIS
and SHARON SHULTZ,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID MARSHALL, JR.,

                                                          OPINION and ORDER

           Plaintiff,

                                                              10-cv-513-bbc

    v.

PAUL WESTERHAUS, BRUCE SUNDE
and TERRY TIMM,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In case number 10-cv-357-bbc, plaintiff David Marshall, Jr., a prisoner at the Columbia Correctional Institution located in Portage, Wisconsin, is proceeding on claims

1

that defendants Richard Giers, James Allen, Michael Fleming, John Wais and Sharon Shultz used excessive force against him and defendants Giers and Nurse Barb exhibited deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. In case number 10-cv-513-bbc, plaintiff is proceeding on claims that defendants Paul Westerhaus, Bruce Sunde and Terry Timm violated his rights under the Eighth Amendment by subjecting him to harsh conditions of confinement. Now before the court are motions for summary judgment filed by defendants in both cases on their defense that plaintiff has failed to exhaust his administrative remedies. Dkt. #26 in 10-cv-357-bbc; dkt. #9 in 10-cv-513-bbc. Plaintiff has not responded to either motion or TO defendants' proposed facts. Because plaintiff has not responded in any way to defendants' motions or findings of fact, defendants' proposed findings of fact must be taken as undisputed. <u>Procedure to Be Followed on</u> Motions for Summary Judgment, II.A, II.B and II.C and <u>Memorandum to Pro Se Litigants Regarding Summary Judgment Motions</u>, <u>attached to</u> Preliminary Pretrial Conference Order, dkt. #21 in 10-cv-357-bbc; dkt. #7 in 10-cv-513-bbc.

In the absence of any dispute that plaintiff never filed grievances regarding the claims in these two cases, defendants have established that plaintiff failed to exhaust his administrative remedies. Therefore, I will grant their motions for summary judgement.

OPINION

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court, meaning that the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." Burrell v. Powers, 431 F.3d 282, 285 (7th Cir. 2005) (citing Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002)). To satisfy exhaustion requirements, the prisoner must give the prison grievance system "a fair opportunity to consider the grievance," which requires that the complainant "compl[y] with the system's critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 95 (2006) and that the grievance "contain the sort of information that the administrative system requires." Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002). At a minimum, the plaintiff must "alert[] the prison to the nature of the wrong for which redress is sought." Id. at 650. Section 1997e(a) requires more than simply notifying the prisoner grievance system once; a prisoner must take any administrative appeals available under the administrative rules. Burrell, 431 F.3d at 284-85. Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust. Jones v. Bock, 549 U.S. 199, 216 (2007).

In both cases, plaintiff's claims arise from incidents that occurred while he was a "youth" incarcerated at Lincoln Hills School. The administrative grievance system for "youth" prisoners in facilities such as Lincoln Hills School is set out in Wis. Admin. Code

3

ch. DOC 380. Under these provisions, youth prisoners start the complaint process by first discussing the problems with a social worker or youth counselor, then filing a complaint in writing with a complaint mediator or in some situations, directly with the superintendent. Wis. Admin. Code. § DOC 380.04(4). A complaint mediator is required to investigate and mediate complaints from youths and attempt to resolve them informally. Id., §§ DOC 380.05(5), DOC 380.06(1). If that does not work, the complaint mediator is required to prepare a written report proposing a resolution. Id., DOC 380.06(2). The mediator's recommendation is provided to the superintendent, who is to issue a reasoned decision within seven days. If she does not, the mediator's recommendation is affirmed automatically. Id., DOC 380.07(1). A youth may appeal the superintendent's decision to the administrator. Id., DOC 380.07(3).

In support of their motion for summary judgment, defendants contend that plaintiff never filed a grievance pursuant to Wis. Admin. Code ch. DOC 380 related to his claims against defendants in these cases. In particular, plaintiff never filed any grievance related to the alleged excessive force and denial of health care that occurred on January 12, 2008 by defendants Giers, Allen, Fleming, Wais, Shultz and Nurse Barb (the allegations of case number 10-cv-357-bbc). In addition, plaintiff never filed any grievance relating to harsh conditions of confinement he suffered in January 2008 (the allegations of case number 10-cv-513-bbc). Defendants submit the affidavit of defendant Westerhaus, who testifies that

4

plaintiff filed only two complaints during his time at the Lincoln Hills School, neither of which related to the claims in these lawsuits. In fact, those complaints were filed on December 11, 2006, and February 27, 2007, months before the incidents giving rise to the claims in these two lawsuits.

Plaintiff has not disputed the evidence presented by defendants and has presented no evidence showing that he did in fact exhaust his administrative remedies with respect to his claims in these cases. Thus, I conclude that plaintiff has failed to exhaust his administrative remedies and that these cases must be dismissed without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Richard Giers, James Allen, Michael Fleming, John Wais, Sharon Shultz and Nurse Barb, dkt. #26, in case number 10-cv-357-bbc, is GRANTED.

2. The motion for summary judgment filed by defendants Paul Westerhaus, Bruce Sunde and Terry Timm, dkt. #9, is case number 10-cv-513-bbc, is GRANTED.

3. 3. These cases are DISMISSED without prejudice for plaintiff's failure to exhaust

his available administrative remedies before filing his lawsuits.

Entered this 17th day of March, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge